**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 526.]**

THE STATE EX REL. CRAWFORD, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

**[Cite as *State ex rel. Crawford v. Indus. Comm.*, 1998-Ohio-22.]**

*Workers' compensation—Denial of rehabilitation wage loss compensation by*
*Industrial Commission not an abuse of discretion when claimant clearly not*
*eligible for benefit sought—Ohio Adm.Code 4123-18-21, applied.*

(No. 96-1388—Submitted October 13, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD10-1340.

————————————

{¶ 1} Appellant-claimant, Barbara A. Crawford, was injured on August 16, 1985, in the course of and arising from her employment with appellee White Consolidated Industries. After her workers' compensation claim was allowed, claimant participated in the Bureau of Workers' Compensation rehabilitation training program. She successfully completed her rehabilitation in 1992, and secured a job with a new employer. It is undisputed that claimant made less at her new job than she had at White Consolidated Industries.

{¶ 2} On January 11, 1993, claimant sought compensation for rehabilitation wage loss pursuant to R.C. 4121.67(B), citing the difference in wages. The appellee, Industrial Commission, denied compensation, writing:

"Rehabilitation wage loss is denied for the reason that such compensation exists only for claimant's [*sic*] whose dates of injury occur on or after 8/22/86, as that is when it was statutorily enacted. The claimant's date of injury predates 8/22/86; therefore, there is no jurisdiction to consider such an award in this claim."

{¶ 3} Claimant commenced an action in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying compensation. The court of appeals disagreed, and denied the writ.

**{¶ 4}** This cause is now before this court upon an appeal as of writ.

––––––––––––––––––

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *C. Bradley Howenstein*, Assistant Attorney General, for appellee Industrial Commission.

*Baran Piper Tarkowsky Fitzgerald & Theis* and *John Tarkowsky*, for appellee White Consolidated Industries.

––––––––––––––––––

***Per Curiam.***

**{¶ 5}** Claimant seeks compensation pursuant to R.C. 4121.67. That statute was amended effective August 22, 1986. That statute, as amended again in 1989, read:

"The administrator of workers' compensation, subject to the approval of the workers' compensation board, shall adopt rules:

"(A) For the encouragement of reemployment of claimants who have successfully completed prescribed rehabilitation programs by payment from the surplus fund established by section 4123.34 of the Revised Code to employers who employ or reemploy the claimants. The period or periods of payments shall not exceed six months in the aggregate, unless the administrator or his designee determines that the claimant will be benefited by an extension of payments.

"(B) Requiring payment, in the same manner as living maintenance payments are made pursuant to section 4121.63 of the Revised Code, to the claimant who completes a rehabilitation training program and returns to employment, but who suffers a wage loss compared to the wage the claimant was receiving at the time of injury. Payments per week shall be sixty-six and two-thirds per cent of the difference, if any, between the claimant's weekly wage at the time of injury and the weekly wage received while employed, up to a maximum payment

per week equal to the statewide average weekly wage. The payments may continue for up to a maximum of two hundred weeks but shall be reduced by the corresponding number of weeks in which the claimant receives payments pursuant to division (B) of section 4123.56 of the Revised Code." (143 Ohio Laws, Part II, 3301-3302.)

{¶ 6} Supplementing the statute, Ohio Adm.Code 4123-18-21 provides:

"*The provisions of this rule shall apply to all claims where the date of injury or date of disability and occupational disease claims accrued on or after August 22, 1986.*

"(A) The rehabilitation division shall authorize the bureau of workers' compensation to make payments to claimant's who complete a rehabilitation program and who return to work, and who suffer a wage loss as a consequence thereof.

"(B) Payments shall be sixty-six and two-thirds per cent of the difference between the greater of the claimant's full weekly wage or average weekly wage on the claim for which the claimant underwent a rehabilitation program and the weekly wage received while employed up to a maximum per week equal to the statewide average weekly wage. * * * " (Emphasis added.)

{¶ 7} Contrary to claimant's representation, there is no issue of applicability. Ohio Adm.Code 4123-18-21 is very clear. Only claimants injured after August 22, 1986, are eligible for rehabilitation wage loss compensation. Claimant here was injured on August 16, 1985. Claimant lacks, therefore, clear legal right to the relief requested.

{¶ 8} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

———————————